UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ESCAMBIA CHRISTIAN
SCHOOL, INC.,
    Plaintiff-Petitioner,

vs.                                                 Case No.: 3:25cv1901/TKW/ZCB

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF FOOD,
NUTRITION, AND WELLNESS, ,
    Defendant-Respondent.
                                             /

## REPORT AND RECOMMENDATION

Plaintiff-Petitioner Escambia Christian School, Inc., ("Escambia Christian") initiated this action on October 8, 2025, by filing a "Petition for Judicial Review" against the Defendant-Respondent Florida Department of Agriculture and Consumer Services, Division of Food, Nutrition, and Wellness. (Doc. 1). The filing appears to seek judicial review of a decision of the Defendant-Respondent to terminate certain food distribution benefits previously given to Escambia Christian.

On October 14, 2025, after reviewing Escambia Christian's filing, the Court determined that it was filed by a *pro se* individual rather than an attorney. Thus, the Court ordered Escambia Christian to provide the

1

Court with its counsel's information within fourteen days. (Doc. 3). That deadline has passed, and Escambia Christian has not responded, nor has an attorney appeared on its behalf.

"The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Thus, " a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

The initial filing in this case was signed and submitted by Stephanie Davis-Keeton who is the Administrator/Principal and authorized representative of Escambia Christian. (Doc. 1 at 13). Ms. Davis-Keeton, however, fails to include a bar number with her signature and there is no other indication that she is a licensed attorney.[1] Because Escambia Christian School, Inc., is a corporate entity, the School must be

---

[1] The Court searched the names "Stephanie Davis," "Stephanie Keeton," and "Stephanie Davis-Keeton" on the Florida Bar's website, but found no attorneys who appear to be the Ms. Davis-Keeton who filed this case. *See* https://www.floridabar.org/directories/find-mbr/.

represented in litigation by a licensed attorney. *Regions Bank v. Greater Deliverance Church, Inc.*, No. 5:22-CV-246-MW-MJF, 2023 WL 2731713, at *2 (N.D. Fla. Feb. 2, 2023) ("Because McClary is not an attorney, she may not represent the Church in this matter.") (collecting cases). And because Ms. Davis-Keeton is not a lawyer, the initial filing she submitted on behalf of Plaintiff-Petitioner Escambia Christian is ineffective to initiate this legal proceeding. *Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.").

The Court notified Escambia Christian of its lack of proper representation and provided it with fourteen days to identify its counsel or for counsel to appear on its behalf. (Doc. 3). Escambia Christian was warned that failure to comply with the Court's order would result in a recommendation of dismissal. (*Id.* at 4). Despite being warned and having an opportunity to cure its defective initial filing,[2] Escambia

---

[2] *See also Marshall v. Wachovia Sec. LLC / Wells Fargo*, 2016 WL 5942429, at *2 (S.D. Fla. Jan. 6, 2016) ("After plaintiffs have been fully advised of the need for proper representation as artificial entities, a court may dismiss such claims for lack of proper representation.") (citing *Palazzo* 764 F.2d at 1386), *aff'd*, 668 F. App'x 874 (11th Cir. 2016); *cf. Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023) (stating that the principle of *Palazzo* "should apply in the context of estates" and that

3

Christian has failed to provide its counsel's information, and no attorney has appeared on its behalf. Accordingly, this action should be dismissed without prejudice for lack of proper representation and for failure to comply with a Court order.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Escambia Christian School, Inc.'s complaint (Doc. 1) be **DISMISSED without prejudice** for lack of proper representation and for failure to comply with an order of the Court.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 3rd day of November 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation

---

"when a *pro se* plaintiff improperly seeks to represent an estate with additional beneficiaries and/or creditors, the district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the deficiency").

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.